# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BADRE OUBAIDAH AND
AMINA HADDOUMI,

    Plaintiff,                             CASE NO.: _____

vs.

THE FIRST LIBERTY
INSURANCE CORPORATION,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, THE FIRST LIBERTY INSURANCE CORPORATION ("Liberty"), pursuant to 28 U.S.C. § 1441, *et seq.*, removes this action from the Circuit Court of the Ninth Judicial Circuit of Florida, in and for Osceola County, Case No. 2023-CA-003389-CI.

**I.    State Court Case**

    1.    On May 15, 2023, Plaintiffs filed a complaint alleging breach of contract.

    2.    On May 24, 2023, Plaintiffs served The First Liberty Insurance Corporation with the complaint. Thus, this Notice of Removal is timely, pursuant to 28 U.S.C. § 1446(b).

    3.    Pursuant to 28 U.S.C. § 1446(a), The First Liberty Insurance Corporation is required to file copies of all process, pleadings, and orders served upon it. These documents were filed with this Court.

4.  This case is removed to the United States District Court for the Middle District of Florida, Orlando Division because the State Court Case was brought in Osceola County, Florida. 28 U.S.C. §§ 1441(a); 1446(a).

## II. Jurisdiction

5.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

6.  There is complete diversity of citizenship.

7.  Plaintiffs are citizens of Florida.

8.  Pursuant to 28 U.S.C. § 1332(c)(1), The First Liberty Insurance Corporation is a corporation organized under the laws of the state of Illinois with its principal place of business in Boston, Massachusetts. Therefore, The First Liberty Insurance Corporation is a citizen of Illinois and Massachusetts.

9.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

10. "In determining whether subject matter jurisdiction exists, the Court must focus on the amount in controversy at the time of removal, not at a later point." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Koppey v. Liberty Mutual Fire Ins. Co.*, 2020 WL 13389220, at *1 (S.D. Fla. Dec. 31, 2020) (citation

and quotation omitted). Where, as in this case, the complaint alleges an unspecified amount of damages, "the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *Id.* (citing *DO Restaurants, Inc., d/b/a Café Maxx v. Aspen Specialty Ins. Co*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. Nov. 26, 2013)).

11.    In addition, this Court "may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy." *Id.* (quoting *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing")). "'Moreover, 'defendants may submit a **wide range** of evidence in order to satisfy the jurisdictional requirements of removal,' including 'affidavits, declarations, or other documentation.'" *Id.* (quoting *Pretka*, 608 F.3d at 755) (emphasis added).

12.    In this lawsuit, Plaintiffs allege breach of contract. In support of their claim, Plaintiffs provided an estimate authored by Elevation Claims, Inc. – Helping Homeowners Rise Up, which totals $ 105,169.31. (Exhibit A.) This estimate establishes that the amount in controversy exceeds $75,000.

### III.    Conclusion

13.    The First Liberty Insurance Corporation removes this case to the United States District Court for the Middle District of Florida.

14. The First Liberty Insurance Corporation demands trial by jury on all issues so triable.

15. Promptly after filing this notice of removal, The First Liberty Insurance Corporation will give written notice to all adverse parties and will file a copy of this notice with the clerk of the State court, pursuant to 28 U.S.C. §1446(d).

        Respectfully submitted,

        BUTLER WEIHMULLER KATZ CRAIG LLP

        */s/ Latasha L. Scott*

        MATTHEW J. LAVISKY, ESQ.
        Florida Bar No.: 48109
        mlavisky@butler.legal
        LATASHA L. SCOTT, ESQ.
        Florida Bar No: 52316
        Primary email: lscott@butler.legal
        Secondary    kbrock@butler.legal
        400 N. Ashley Drive, Suite 2300
        Tampa, Florida  33602
        Telephone:  (813) 281-1900
        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to:

>Micah Baxter-Miller, Esq.
>Julianna L. Weiss, Esq.
>The Law Offices of Carrington Jones, PLLC
>3333 S. Orange Ave. Suite 104
>Orlando, FL 32806
>Carrington@mylawyercan.com
>Micah@mylawyercan.com
>Julianna@ mylawyercan.com
>GVelez@mylawyercan.com
>Paul@mylawyercan.com
>*Attorneys For Plaintiff*

on June 9, 2023 via CM/ECF and email.

_____
Attorney